UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION
CASE NO._____

RALPH JOSEPH                                                                                    PLAINTIFF

vs.

BOSTON SCIENTIFIC CORPORATION                                              DEFENDANT

**COMPLAINT**

Plaintiff RALPH JOSEPH, by counsel and for his Complaint against the Defendant Boston Scientific Corporation, states as follows:

1. Plaintiff is a citizen and resident of the State of Ohio, living in Pedro, Ohio.

2. Defendant, BOSTON SCIENTIFIC CORPORATION ("BOSTON SCIENTIFIC"), is a foreign corporation doing business in the Commonwealth of Kentucky, with its principal place of business in Marlborough, Massachusetts.

3. At all times complained of here, Defendant BOSTON SCIENTIFIC was the manufacturer of the AMS 700 Inflatable Penis Prothesis that is the subject of this Complaint.

4. This Court has jurisdiction over Defendant BOSTON SCIENTIFIC because BOSTON SCIENTIFIC placed their products, including the AMS 700 Inflatable Penis Prothesis described herein, in the stream of commerce, knowing and intending that it would be purchased, implemented, and/or surgically inserted in Kentucky, and by doing so has purposely availed itself of the laws of Kentucky.

5. Plaintiff suffered severe injuries. The damages alleged by Plaintiff exceed $75,000 and any other applicable jurisdictional limits of this Court.

6. This Court has subject matter jurisdiction based on diversity 28 U.S. Code § 1332 as the amount in controversy exceeds $75,000.00 and Plaintiff and Defendant have diverse citizenship.

7. Venue is proper in this Court because the events complained of herein occurred in Boyd County, Kentucky.

## **FACTS**

8. On February 10, 2020, Plaintiff, Ralph Joseph arrived at Our Lady of Bellefonte Hospital in Ashland, Boyd County, Kentucky for the surgical implementation of the AMS 700 Inflatable Penis Prothesis.

9. A few weeks after the implementation of the AMS 700 Inflatable Penis Prothesis Plaintiff, Ralph Joseph experienced issues with the Inflatable Penis Prothesis. After consulting with his physician, it was determined that the AMS 700 Inflatable Penis Prothesis was defective.

10. On June 8, 2020, Plaintiff Ralph Joseph, underwent surgery to replace that defective AMS 700 Inflatable Penis Prothesis at Kings Daughter Medical Center Hospital in Ashland, Boyd County, Kentucky.

11. Again, a few weeks after the implementation of the AMS 700 Inflatable Penis Prothesis Plaintiff, Ralph Joseph experienced issues with the Inflatable Penis Prothesis. After consulting with his physician, it was determined that the AMS 700 Inflatable Penis Prothesis was defective.

12. Recently, Plaintiff was contacted by a call center that was established to handle claims regarding defective AMS 700 Inflatable Penis Protheses.

13. Plaintiff is currently in need of a third surgery to remove the defective AMS 700 Inflatable Penis Prothesis.

14. Plaintiff has suffered medical expenses, past and future, lost earnings, past and future, pain and suffering, past and future, among other damages.

15. Plaintiff has been severely traumatized, suffering great mental anguish and embarrassment.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Negligence

16. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

17. Defendant owed Plaintiff a duty to exercise reasonable care in the design, manufacture, installation, and repair of the AMS 700 Inflatable Penis Prothesis, which are the subject of his litigation, including the duty to ensure that the AMS 700 Inflatable Penis Prothesis did not cause personal injury to the Plaintiff.

18. Defendants knew or should have known that the AMS 700 Inflatable Penis Prothesis was defectively designed and/or manufactured, potentially causing personal injury to Plaintiff.

19. Defendants failed to exercise ordinary care and breached their duty by, among other things, negligently designing and/or manufacturing, installing the AMS 700 Inflatable Penis Prothesis.

20. The aforementioned negligent acts and omissions of the Defendants were the direct and proximate cause of Plaintiff's damages.

21. Plaintiff is entitled to damages in an amount to be proven at trial, together with interest thereon and costs.

## SECOND CLAIM FOR RELIEF
### Strict Products Liability – Design Defect

22. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

23. Defendant designed, manufactured, sold, and/or distributed the AMS 700 Inflatable Penis Prothesis which were intended by the Defendant to be used and operated by Plaintiff.

24. Defendant knew that the AMS 700 Inflatable Penis Prothesis was to be purchased and used without inspection for defects by the Plaintiff and the general public.

25. The subject AMS 700 Inflatable Penis Prothesis was unsafe for their intended use by reason of defects in their design and/or manufacture so that the AMS 700 Inflatable Penis Prothesis would not safely serve their purpose, but would instead expose their users to serious injuries.

26. Defendant designed and/or manufactured, the AMS 700 Inflatable Penis Prothesis, causing them to fail to perform as safely as an ordinary operator would expect when used in an intended or reasonably foreseeable manner.

27. The risks inherent in the designs of the subject AMS 700 Inflatable Penis Prothesis outweighed significantly any benefits of such designs.

28. Plaintiff was not aware of the aforementioned defects at any time prior to the events complained of this Complaint.

29. As a legal and proximate result of the aforementioned defects of the subject AMS 700 Inflatable Penis Prothesis, Plaintiff sustained injuries and damages set forth herein while operating the subject AMS 700 Inflatable Penis Prothesis in a reasonably foreseeable manner.

30. Plaintiff is, therefore, entitled to damages in an amount to be proven at the time of trial.

### THIRD CLAIM FOR RELIEF
### Strict Products Liability – Failure to Warn

31. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

32. Defendant knew that the subject AMS 700 Inflatable Penis Prothesis would be purchased without inspection for defects.

33. The subject AMS 700 Inflatable Penis Prothesis was defective when it left the control of the Defendant.

34. At the time of the design, manufacture, sale, and/or distribution, and continuing up to the time of Plaintiff's injuries, Defendant knew or should have known of the substantial dangers involved in the reasonably foreseeable use of the subject AMS 700 Inflatable Penis Prothesis whose defective design, manufacturing, and lack of sufficient warnings caused the products to have an unreasonably dangerous propensity to cause significant personal injury.

35. Defendant knew that this substantial danger is not readily recognizable to an ordinary user and that the user would use the subject AMS 700 Inflatable Penis Prothesis without inspection.

36. At all relevant times, Defendant failed to provide adequate warnings, instructions, guidelines, or admonitions to Plaintiff of the defects, which the Defendant knew, or in the exercise

of reasonable care should have known, to have existed in a manner that was reasonably foreseeable by Defendant involving substantial dangers that were not readily apparent to the products users.

37. At the time of Plaintiff's injuries, the subject AMS 700 Inflatable Penis Prothesis was being used in the manner intended by the Defendant and in a manner that was reasonably foreseeable by Defendant as involving substantial danger that was not readily apparent to its users.

38. Plaintiff's damages were the legal and proximate result of the Defendant's failure to provide adequate warnings.

39. Plaintiff is, therefore, entitled to damages in an amount to be proven at the time of trial.

## FOURTH CLAIM FOR RELIEF
### Strict Products Liability – Manufacturing Defect

40. Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

41. Defendants designed, manufactured, sold, and/or distributed the AMS 700 Inflatable Penis Prothesis, which were intended by the Defendant to be used and operated by Plaintiff.

42. Defendant knew that the AMS 700 Inflatable Penis Prothesis was to be purchased and used without inspection for defects by the Plaintiff and the general public.

43. The subject AMS 700 Inflatable Penis Prothesis was unsafe for its intended use by reason of defects that occurred during the manufacture of the components, so that the AMS 700 Inflatable Penis Prothesis would not safely serve its purpose, but would instead expose its users to serious injuries.

44. Defendant manufactured the subject AMS 700 Inflatable Penis Prothesis, causing it to fail to perform as safely as an ordinary operator would expect when used in an intended or reasonably foreseeable manner.

45. Plaintiff was not aware of the aforementioned defects at any time prior to the events complained of this Complaint.

46. As a legal and proximate result of the aforementioned defects of the subject AMS 700 Inflatable Penis Prothesis, Plaintiff sustained injuries and damages set forth herein while operating the subject AMS 700 Inflatable Penis Prothesis in a reasonably foreseeable manner.

47.

WHEREFORE, Plaintiff demands judgment against the Defendant herein for the following:

a. such an amount as will fairly and reasonably compensate Plaintiff for his injuries set forth above,

b. for their costs herein expended including reasonable attorney fees,

c. for pre and post-judgment interest,

d. punitive damages,

e. trial by jury, and

f. for all other relief for which the Plaintiffs appear properly entitled.

- 8 -

        Respectfully submitted,

        **ALEX R, WHITE, PLLC**

         _/s/ John K. Spalding_ **(95065)**
        John K. Spalding
        908 Minoma Avenue
        Louisville, KY 40217
        Ph: 502-882-7552
        F:   502-585-3559
        john@arwhitelaw.com
        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing was served to all pre-existing parties within accordance with the Court's ECF/CM system and to all new parties in accordance with the Federal Rules of Civil Procedure.

         _/s/ John K. Spalding_ **(95065)**
        *Counsel for Plaintiff*